Arthur Lee SMITH, Jr., Petitioner,

v.

STATE of Alaska, Respondent.

Mark Andrew CUPPLES, Petitioner,

v.

Priscilla CUPPLES, Respondent.

STRATTON'S INC., and Robert W. Stratton, Jr., individually, Petitioner,

v.

KERRY PROPERTIES, INC., and Area, Inc., Realtors, Respondents.

Nos. 4962, 5043 and 5001.

Supreme Court of Alaska.

Sept. 12, 1980.

Terry C. Aglietti and John W. Sivertsen, Jr., Aglietti, Offret & Pennington, Anchorage, for petitioner Arthur Lee Smith.

James V. Gould, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for respondent State of Alaska.

James D. Rhodes, Cole, Hartig, Rhodes, Norman & Mahoney, Anchorage, for Mark Andrew Cupples.

Sandra K. Saville, Kay, Christie, Fuld, Saville & Coffey, Anchorage, for respondent Priscilla Cupples.

Charles E. Tulin, Anchorage, for petitioners Stratton's Inc., and Robert W. Stratton, Jr.

Harland W. Davis, Anchorage, for respondent Kerry Properties, Inc.

Henry J. Camarot, Merdes, Schaible, Staley & DeLisio, Inc., Anchorage, for respondent Area, Inc., Realtors.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER,* BURKE and MATTHEWS, JJ.

* This case was submitted to the court for decision prior to Justice Boochever's resignation.

PER CURIAM.

These consolidated petitions for review involve the right to peremptorily disqualify a judge in civil and criminal cases. At issue is the correct application of the procedural rules [1] which promulgated to implement the substantive right created by AS 22.20.022.[2] We have granted review because of the demonstrated need for clarification of the law in this area.

These petitions for review involve essentially identical fact situations. The petitioners' cases were initially assigned to a judge to handle pretrial motions. In two of the cases, *Smith v. State* and *Cupples v. Cupples*, the court made no rulings. In the third case, *Stratton's Inc. v. Kerry Properties, Inc.*, the court ruled on several motions. Among these were motions to amend a counterclaim and to pay out monies from the court registry. The cases were subsequently assigned for trial before the same judge who had presided over the pretrial proceedings. Petitioners then invoked their peremptory challenge rights within the allowable five days after receipt of notice of the assignment of a particular judge for trial. Each notice of change of judge was in turn denied.

 The purpose of the peremptory challenge statute is to assure every litigant a fair hearing before a judge who is disin-

---

1. Alaska R.Civ.P. 42(c) provides, in part:

 *Change of Judge as a Matter of Right.* In all courts of the state, a judge or master may be peremptorily challenged as follows:

 . . . . .

 (3) *Timeliness.* Failure to file a timely notice precludes change of judge as a matter of right. Notice of change of judge is timely if filed before commencement of trial and within five days *after notice that the case has been assigned to a specific judge.* In a court location having a single resident judge of the level of court in which the case is filed, the case shall be assigned to that judge when it is at issue upon a question of fact and the clerk shall immediately notify the parties in writing of such assignment. Where a party enters an action after the case has been assigned to a specific judge, a notice of change of judge shall also be timely if filed by the party before the commencement of trial and within five days after he appears or files a pleading in the action.

 (4) *Waiver.* A party waives his right to change a particular judge as a matter of right when he knowingly participates before that judge in:

 (i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits; or

 (ii) A pretrial conference; or

 (iii) The commencement of trial; or

 (iv) If the parties agree upon a judge to whom *the case is to be assigned.* Such waiver is to apply only to the agreed-upon judge.

 Alaska R.Crim.P. 25(d) provides, in part:

 *Change of Judge as a Matter of Right.* In all courts of the state, a judge may be peremptorily challenged as follows:

 . . . . .

 (2) *Procedure.* At the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a "Notice of Change of Judge" signed by counsel, if any, stating the name of the judge to be changed. A judge may honor a timely informal request for change of judge, entering upon the record the date of the request and the name of the party requesting it.

 . . . . .

 (4) *Timeliness.* Failure to file a timely request precludes a change of judge under this rule as a matter of right.

 (5) *Waiver.* A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial. No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or of nolo contendere shall be taken under Rule 11.

2. AS 22.20.022 provides, in part:

 *Peremptory disqualification of a superior court judge.* (a) If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

terested, impartial, and unbiased. *See Channel Flying, Inc. v. Bernhardt,* 451 P.2d 570, 575 (Alaska 1969). This right can be waived or lost by failing to make a timely challenge.[3] Insofar as each challenge was made almost immediately after the parties learned of the judicial assignment for trial, it cannot be said that their rights to challenge were waived through untimeliness.

The only remaining question is whether the petitioners waived their rights to peremptory challenges by appearing before the judges in regard to pretrial proceedings. Based on our recent opinion in *Tunley v. Municipality of Anchorage School District,* 617 P.2d 490 (Alaska 1980), we hold that the petitioners did not waive their rights. In *Tunley,* we held that a waiver under Alaska Civil Rule 42(c)(4)(i) can be found "only where the requisite participation occurs after the party is informed that the judge before whom he or she is appearing is the judge permanently assigned to hear the case or is assigned for trial." *Id.* at 495. In the instant cases, no petitioner was aware during the respective pretrial stages which judge was assigned to try the case. To require a party to employ a peremptory challenge against a judge who may or may not preside at trial would defeat the purpose of AS 22.20.022.

Although the *Tunley* decision applied only to Alaska Civil Rule 42(c)(4)(i), we find the reasoning also applicable to the provisions of Alaska Criminal Rule 25(d)(5). Accordingly, the orders denying petitioners' notices of change of judge are Reversed.

---

**3.** Alaska R.Crim.P. 25(d)(5); Alaska R.Civ.P. 42(c)(4). For text, *see* note 1 *supra.*